UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAYLE GARDNER<br>    Plaintiffs,<br><br>v.<br><br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11806(NG)<br><br>LEAD DOCKET |
| CRYSTAL CAISSIE,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11807(NG) |
| LOUISE FELTEAU,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11808(NG) |
| TANYA PULISCIANO,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11811(NG) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, FOR REMITTITUR OR NEW TRIAL**

Plaintiffs object to Defendant's Motion for Judgment As a Matter of Law, or, In the Alternative, for Remittitur or New Trial, as this Court has already ruled on this matter

during trial. Further, the determination of negligence is the duty of the jury; the fact finder.

I.  **Introduction**

On May 10, 2013, Defendant tendered its "Defendant's Memorandum of Law in Support of Motion for Judgment as a Matter of Law, or, in the Alternative, For Remittitur or New Trial." In such memorandum, Defendant engaged in misrepresentation of the record and unduly attacked the credibility the jury gave to the evidence presented at trial.

II.  **Request for New Trial, or, in the alternative, Remittitur is not warranted in the present case**

A.  **New trial is not warranted**

When considering a motion for new trial the Court must abstain from interfering with the verdict unless it is quite clear that a jury has reached a seriously erroneous results. *Marley v City of Allentown*, 774 F. Supp. 343 (1991). In this case, the jury found by a clear preponderance of the evidence that Simpson Financing Limited Partnership was aware of the fire risk associated with the mulch and failed to address the problem. Simpson Financing Limited Partnership failed to train its staff and follow its own safety manual. The jury came to their decision after the jury charge without any prolonged deliberations.

B.  **Remittitur is not warranted**

In *Sepulveda v. Matos*, 306 F.Supp.2d. 100 (2004), the District Court defined remittitur as follows:

"Remittitur is defined as the process by which a Court compels a plaintiff to choose between the reduction of an excessive verdict and a new trial." See also *Shu-Tao Lin v. McDonnell Douglas Corp.*, 742 F.2d 45 (2nd Cir. 1984). If the Court considers that a jury's verdict is excessive, it may condition the grant of a new trial on the victorious party's refusal to accept a reduced verdict. The Court cannot enter a judgment with the

reduced verdict without the party's consent. Because remittitur presents a direct interference with the jury's prerogatives, the Court limits its concession to the situations in which the award "shocks the judicial conscience". See *Earl v. Bouchard Transp. Co., Inc.*, 917 F.2d 1320, 1328 (2nd Cir. 1990). "[T]he question [is] whether the amount of damages found by the jury is so excessive and exorbitant as to show passion and prejudice on the part of the jury." *Id.*

It is also established that:

"[a] Court will not disturb an award of damages just because it is "extremely generous or because it thinks the damages are considerably less"; an award should only be reversed if it is "so grossly disproportionate to any injury established by the evidence as to be unconscionable as a matter of law." *Koster v. TWA*, 181 F.3d 24, 34 (1st Cir. 1999).

Defendant for the first time in its memorandum submits an argument based on the pretrial memorandum. "Theories not raised squarely in the District Court cannot be surfaced for the first time on appeal." *Monteagudo v. AEELA*, supra; *McCoy v. Mass. Inst. Of Tech.*, 950 F. 2d 13, 22 (1st Cir. 1991). "This prophylactic rule requires litigants to spell out their legal theories face-up and squarely in the Trial Court; if a claim is merely insinuated rather than actually articulated, that claim ordinarily is deemed unpreserved for purposes of appellate review." *Monteagudo v. AEELA*, supra; *Iverson v. City of Boston*, 452 F. 3d 94 (1st Cir. 2006). Therefore, defendant has waived any request for new trial or remitter for having failed to raise this claim during trial.

Defendant tries to somehow refute Plaintiffs' damages evidence including the cause of the same. Of course, this is an extremely belated attempt on the part of the defendant. The fact remains that plaintiffs' damages evidence stands uncontested by the defendant. Not only did defendant during trial not offer any evidence to try to rebut each plaintiffs' damages and the cause of the same, but defendant's counsel did not even pose to plaintiff one question in cross examination relating to her damages and the cause of the same. Therefore, plaintiffs' damages evidence is uncontested and unchallenged.

3

Plaintiffs fulfilled their duty of proving by preponderance of the evidence that as the consequence of defendant's actions and/or omissions they suffered severe damages. The First Circuit held a defendant is liable for all damages resulting from his own actions and that are reasonably foreseeable. See V*alentin-Almeyda v. Municipality of Aguadilla*, 447 F. 3d 85 (1st Cir. 2006)

In the light of the evidence presented and the severity of the damages suffered by plaintiffs and that the same continue to this date; the damages award is not unreasonably high; does not shocks the conscience; and does not reflect passion or prejudice of the jury. In the light of the uncontested evidence presented at trial, in the present case a remittitur is not warranted. On the contrary, in the present case the weight of the evidence clearly sustains the award rendered by the jury.

### III. Judgment as a Matter of Law is not warranted

In order to prevail on a motion for judgment as a matter of law the Defendant must show that no reasonable jury would have a sufficient evidentiary basis to find for the plaintiff. "When considering a motion for judgment as a matter of law the Court is not to consider credibility issues or resolve conflicting testimonies, hence the Court must deny the motion and allow the jury's verdict to stand." *Sepuleda v. Matos*, 306 F.Supp.2d 100 (2004)

In defendant's memorandum in support of its motion for judgment as a matter of law, defendant, again, engages in misinterpretations of the evidence. Defendants unduly attack the credibility the jury gave to the overwhelming unchallenged evidence presented by Plaintiffs that clearly proved the case by the preponderance of the evidence.

On March 30, 2012, this Court ruled and left intact the issues of negligence and emotional distress when it ruled on the summary judgment motion submitted by Defendant.

The facts were obviously clear to the jury that the management of Simpson Financing Limited Partnership who operated Highlands at Dearborn in Peabody, Massachusetts were well aware that fires were occurring with dangerous frequency since the mulch was recently placed on the property beginning in early May 2008. As the jury learned at the trial the people in charge of the property did nothing to insure the safety of the tenants' property and that of the tenants. After the second fire, Simpson's management recklessly failed to address the fire hazard. In fact, after this event, they were informed, not only by their own maintenance supervisor but also by Fire Inspector DeFranco, who investigated due to the Peabody Fire Department response. After two more fires at various locations at the Highlands at Dearborn property requiring two responses by the Peabody Fire Department, Simpson's management recklessly ignored the problem resulting in the fire that destroyed building 8, and the tenant's property.

IV. **Pull back mulch theory presented by Defense**

Defendant's base their motion on a theory that Plaintiffs' failed to introduce evidence regarding pulling back the mulch. This theory was never the basis for liability in the case. It was demonstrated at trial that Defendant had notice of the risk of fire that the mulch posed, failed to follow its own safety manual and failed to take any reasonable steps to protect both the property and the tenants. After being warned by Simpson's maintenance supervisor and the Peabody Fire Department Inspector nothing was done by the defendant.

Plaintiffs had no obligation during the trial to prove Defendant had to pull the mulch away from the building to prove negligence. The cause of action brought forth by Plaintiffs is for negligence in Simpsons failure to do any thing including following advice of the Peabody Fire Department. During the trial, Plaintiffs proved that Defendant had knowledge of the known risk, and that a reasonable landlord would have acted to remove the risk.

Expert testimony is not required in this matter as Plaintiffs proved that Defendant had sufficient notice that fires occurred in the mulch and that Simpson did nothing to address that problem. Fire Inspector DeFranco testified that he advised two members of Simpson management that the mulch was a problem and should be pulled away from the building. Defendant failed to take any action based the Fire Inspector's recommendation.

## V. Theory of Recovery at trial

The negligence case presented at trial is no different to what the plaintiffs' have based the case on since beginning of this action. In fact, M.G.L. c. 93A letters were sent out pursuant to the Massachusetts Consumer Protection Statute where the claim letter presented various theories of liability. As detailed, the letter specifically addressed the prior fires that occurred at the Highlands at Dearborn before the destructive fire of May 29, 2008. The letters describe the several mulch fires that occurred prior to May 29, 2008. Simpson management was put on notice that they had a fire hazard existing in the common area of the property in which the landlord is strictly responsible for. The theory of liability was always clear and consistent.

## VI. Introduction of medical testimony

At no point in the trial was any medical testimony required by the Plaintiffs. Each plaintiff testified about their personal knowledge and experiences at the fire and its aftermath.

## VII. Subsequent remedial measures

In *Oberst and Schroeder v. International Harvester Company, Inc.*, 640 F.2d 863 (1980), the Court of appeals found it was not reversible error to allow evidence that action was taken following the crash if knowledge was available prior to the crash.

The evidence of subsequent remedial measures was not introduced by the Plaintiffs but by the Defendant. The introduction of the evidence was harmless error. Any testimony regarding subsequent remedial measures by Ms. Jackman was offered not to prove subsequent remedial measures but to show relevant information regarding fires which occurred following the May 29, 2008 fire. The facts were uncontested that it was after two more fires following the May 29, 2008 fire that the Peabody Fire Department required the removal of mulch.

In this case, Defendant was told by the fire inspector to pull back the mulch, and only did so after other fires occurred following the fire of May 29, 2008. Under *Oberst* the Court used its proper discretion in allowing information regarding the subsequent remedial measures taken by Simpson. The Court gave an appropriate instruction to the jury on subsequent remedial measures to cure this minor issue.

## VIII. Emotional Distress damages

The Defendant presumes that the emotional distress damages awarded by the jury were based on the loss of pets. During testimony minimal time was spent discussing the loss of pets. The focus was on other losses each plaintiff suffered as a result. The jury

7

was given a specific jury instructions outlining that they could not base their award on the loss of pets. The instruction which was read to the jury as well as provided to the jury to take into the deliberation room was very clear, was crafted by the defendant, and made without any objection by the defendant.

The award for emotional distress should stand as a jury of nine men and women unanimously found that each plaintiff should be awarded $450,000. The process as to how the jury arrived at this number for each plaintiff is unknown and not subject to inquiry. The defense is speculating on what this jury was thinking and how it arrived at its consensus. However, the jury was instructed by the Court on how to arrive at the appropriate figure and the nine men and women arrived at a number that they thought fair and appropriate.

Massachusetts law is well established that tenants may recover for emotional distress caused by the conduct of a landlord. *Simon v. Solomon*, 385 Mass. 91 (1982), is a the seminal case in landlord-tenant law. In *Simon* the crucial element of conduct was the repeated indifference of the landlord to fix a problem so severe in its effect that emotional distress would ensue. In this case, the landlord failed to address the known risk of fires in the mulch in the common areas. It was that conduct that allowed each plaintiff to recover for the emotional distress they suffered.

Further in *Haddad v. Gonzalez*, 410 Mass. 855 (1991), an award for emotional distress was based on the tenant's becoming frightened, feeling angry, alone, helpless, withdrawn, and often crying. At trial, each plaintiff testified how they were affected by the fire. Under *Haddad* plaintiffs can collect for emotional distress. See also *Agis v. Howard Johnson*, 371 Mass. 140 (1976).

Defendant's memorandum complains that the jury must have taken into consideration the loss of pets. However, the four plaintiffs testified regarding the personal emotional distress experienced at the fire and loss of their property that included pets. During trial defense had the opportunity to cross exam each witness and challenge their credibility regarding their emotional distress claims. Each plaintiff testified that they were present at the property on May 29, 2008 and witnessed the fire that destroyed everything they owned except the clothes on their backs. The plaintiffs' described the trauma they endured for weeks and months after the fire.

Jury instructions were clear and not objected to with regards to negligence, breach of implied warranty of quite enjoyment, and emotional distress. The request by the defendant to include a jury instruction that emotional distress for pets is not allowed was included in these instructions.

The jury verdict should not be overturned if there is evidence to support the jury's award. *Eulo v. Deval Aerodynamics, Inc.* 47 F.Rd. 35 (1969). In this case, the jury was given ample information regarding the past and present emotional distress suffered by each plaintiff, and therefore the verdict for emotional distress should stand.

IX. **M.G.L Chapter 93A damages**

Based on *Klairmont v. Gainsboro Restaurant, Inc.* -- Mass. --, SJC-11154 (2013) the Court prematurely dismissed all M.G.L. c. 93A claims arising against Defendant. In *Klairmont*, the trial judge held the determination of the M.G.L. c. 93A claim until the finder of fact decided liability. Following the trial the judge found that Defendant did violate M.G.L. c. 93A by its unfair and deceptive trade practices awarding the plaintiff punitive damages plus attorney fees. In this case, the Court should have decided the

question with regards to Plaintiffs' M.G.L. c. 93A claims until after the finder of fact determined liability. If the Court waited to make its determination of the M.G.L. c. 93A claim *Haddad v. Gonzalez* would allow each plaintiff to seek punitive damages based on unfair and deceptive trade practices of Simpson. M.G.L. c. 93A damages are appropriate as Defendant knowingly, intentionally and willfully engaged in acts that violated M.G.L. c. 93A and the defendants' deception and unfairness that caused the injuries to each Plaintiff.

**X.    Conclusion**

WHEREFORE, Plaintiff respectfully prays for this Honorable Court to DENY "Defendant's Renewed Motion for Judgment as a Matter of Law, or, In the Alternative, Motion for New Trial and/or Remittitur."

Date:   May 21, 2013

Respectfully Submitted,
Gayle Gardner, et al.,
by their attorney,

_____
Stephen L. D'Angelo, Esq., BBO# 640900
Neil Judd, Esq., BBO# 679444
D'Angelo & Hashem, LLC
401 Andover Street, Suite 202
North Andover, MA 01845
Steve.DAngelo@LawyerAdvocates.com
Njudd@lawyeradvocates.com
(978) 687-8100 (ph)
(978) 687-8111 (fax)

## CERTIFICATE OF SERVICE

I, Neil Judd, hereby certify that a true copy of the foregoing document was served upon counsel of record for each party by electronic means this 21st day of May, 2013, as stated on ECF.

                                         _____/s/Neil Judd_____

## CERTIFICATE OF SERVICE

I, Neil Judd, hereby certify that a true copy of the foregoing document was served upon counsel of record for each party by electronic means this 21st day of May, 2013, as stated on ECF.

_____/s/Neil Judd_____