UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAYLE GARDNER,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*,<br>    Defendants. | Civil Action No. 1:09-cv-11806 (FDS)<br><br>LEAD DOCKET |
| CRYSTAL CAISSIE,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*,<br>    Defendants. | Civil Action No. 1:09-cv-11807 (FDS) |
| LOUISE FELTEAU,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*,<br>    Defendants. | Civil Action No. 1:09-cv-11808 (FDS) |
| TANYA PULISCIANO,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*,<br>    Defendants. | Civil Action No. 1:09-cv-11811 (FDS) |

**DEFENDANT'S REPLY**
**(LEAVE TO FILE GRANTED ON JUNE 4, 2013)**
**TO PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF**
**LAW, OR, IN THE ALTERNATIVE, FOR REMITTITUR OR NEW TRIAL**

On May 10, 2013, Defendant Simpson Financing Limited Partnership ("SFLP") filed and served its Motion for Judgment as a Matter of Law, or, in the alternative, for Remittitur or New Trial ("Motion"). D.E. 167.

In support thereof, SFLP filed and served a supporting Memorandum of Law ("Memorandum"). D.E. 168. On May 21, plaintiffs Gardner, Caissie, Felteau and Pulisciano ("Plaintiffs") filed and served their Opposition to the Motion ("Opposition"). D.E. 169.

This Reply rebuts and clarifies issues that were raised in Plaintiffs' Opposition. Specifically, the Opposition repeatedly misstates the facts of this case without once citing to the evidentiary record. Additionally, the legal authorities that upon which Plaintiffs rely are misleading, easily distinguishable, and include an incorrectly cited out-of-circuit case that does not stand for the asserted proposition. Finally, Plaintiffs have improperly attempted to renew their consumer protection claims, which were previously dismissed on summary judgment.

**A. Plaintiffs' Opposition repeatedly misstates the facts of this case *without once* citing to the evidentiary record.**

Three points deserve comment. First, Plaintiffs *wrongly* assert that Ms. Jackman's "evidence of subsequent remedial measures was not introduced by the Plaintiffs but by the Defendant." D.E. 169 at 7. In reality, Plaintiffs' counsel *first* elicited the testimony of subsequent remedial measures from Ms. Jackman, who was a SFLP employee, during her cross-examination. Transcript ("Trans.") at 4-110. The Court overruled SFLP's immediate objection to this line of questioning, and only after Ms. Jackman was required to testify regarding SFLP's subsequent remedial measures did the Court attempt to remedy its erroneous ruling with a curative instruction. Trans. at 4-110 to 4-111.

Second, the Opposition's assertion that all of the Plaintiffs were present at the property and witnessed the fire is also misleading. D.E. 169 at 9. Plaintiffs were not present at the apartment building because they were prevented by the authorities from accessing the property. Trans. at 3-21, 3-66, 3-80 and 4-27.

Third, Plaintiffs' Opposition incorrectly, and again without citation, asserts that SFLP did *nothing* to insure the safety of the tenants and their property and recklessly failed to address the fire hazard. D.E. 169 at 5. Nothing could be further from the truth. The undisputed evidence showed that the fire hazard at issue concerned the improper disposal of smoking materials in the mulch as Fire Inspector DiFranco testified: "It was, again, a -- you know, a fire in the mulch, mulch ignited by cigarettes, careless disposal of smoking materials." Trans. at 2-75. See also Exhibit 17 at 3 (the "careless disposal of smoking materials determined to be cause. Mulch fire extinguished prior to arrival".); Exhibit 11 (the "[d]isposal of cigarette butts, ashes and matches in mulch beds is an unsafe condition and likely to cause fire."). In response to this fire hazard, SFLP posted notices around the apartment complex regarding the improper disposal of smoking materials and placed containers at the building doors for safe disposal. Trans. at 2-30, 2-126 and Exhibit 12.

**B. Plaintiffs' Opposition relies upon legal authorities that are misleading and easily distinguishable.**

Plaintiffs incorrectly cite *Oberst v. Int'l Harvester Co., Inc.* for the confusing proposition that "the Court of appeals found it was not reversible error to *allow* evidence that action was taken following the crash if knowledge was available prior to the crash." D.E. 169 at 7 (emphasis added). The case does not so hold. In *Oberst*, the Seventh Circuit *affirmed* the trial court's *exclusion* of evidence of subsequent remedial measures where the exclusions, even if they were erroneous, were irrelevant to the claims and thus harmless. *Oberst*, 640 F.2d 863, 866-67 (7th Cir. 1980).

Furthermore, in *Oberst*, the argument for the admission of evidence of subsequent remedial measures was predicated upon the feasibility of such measures first being disputed and therefore potentially admissible under Federal Rule of Evidence 407. *Id.* at 864-66. However,

the feasibility of pulling back the mulch from the buildings in this case was never put at issue, and thus, Ms. Jackman should not have been required to testify as to SFLP's subsequent remedial measures.

Plaintiffs' citations to *Haddad v. Gonzalez* and *Agis v. Howard Johnson Co.* are no less inapposite. Those cases consider claims for *intentional* infliction of emotional distress, which, unlike the claims here for negligent infliction of emotional distress, do not have a physical injury requirement. D.E. 169 at 8; *Haddad*, 410 Mass. 855, 871 (1991); Agis, 371 Mass. 140, 144 (1976). Thus, the Opposition's reliance on *Haddad* and *Agis* is misplaced.

### C. Plaintiffs' Opposition improperly renews their consumer protection claims that were previously dismissed on summary judgment.

This Court previously dismissed upon summary judgment Plaintiffs' consumer protection claims under Mass. G. L. c. 93A. D.E. 105 at 15-18. Nevertheless, Plaintiffs have improperly reintroduced these claims as a basis for supporting the jury's punitive emotional distress awards. D.E. 169 at 9-10. The Court must disregard the reference to Plaintiffs' consumer protection claims because it has already dismissed them and their reintroduction in the Opposition is improper and wholly beyond the scope of the Motion.

### D. Conclusion.

*Most importantly*, Plaintiffs say *nothing* to refute the fact that they failed to introduce sufficient evidence to prove as a matter of law the duty, breach and causation elements of their claims for negligence and breach of the implied covenant of quiet enjoyment. Accordingly, the Court should grant SFLP's Motion.

Respectfully submitted,

SIMPSON FINANCING LIMITED
PARTNERSHIP,

4

By its attorneys,

/s/ Damon M. Seligson
Damon M. Seligson (BBO # 632763)
DiNicola, Seligson & Upton, LLP
185 Devonshire Street, Suite 902
Boston, MA 02110
(617) 279-2592
*Damon.Seligson@dsu-law.com*

/s/ Edward W. Waystack
Edward W. Waystack (BBO # 518300)
Robert W. Healy (BBO # 630714)
Cogavin & Waystack
One Center Plaza
Boston, MA 02108
(617) 742-3340
*eww@cogway.com*
*rwh@cogway.com*

s/ Gordon P. Katz
Gordon P. Katz (BBO # 261080)
Timothy J. McLaughlin (BBO # 675560)
Holland & Knight LLP
10 Saint James Avenue
Boston, MA 02116
(617) 523-2700
*gordon.katz@hklaw.com*
*timothy.mclaughlin@hklaw.com*

Date: June 4, 2013
Boston, Massachusetts

# **CERTIFICATE OF SERVICE**

      I, Timothy J. McLaughlin, hereby certify that a true copy of the foregoing document was served upon counsel of record for each party by electronic means on this 4th day of June, 2013, as follows:

Stephen D'Angelo, Esq.
D'Angelo & Hashem, LLC
60 State Street, Suite 7000
Boston, MA 02109

Neil Judd, Esq.
D'Angelo & Hashem, LLC
60 State Street, Suite 7000
Boston, MA 02109

Michael P. Roche, Esq.
Murphy & Riley, P.C.
141 Tremont Street
Boston, MA 02111

Edward W. Waystack, Esq.
Cogavin & Waystack
One Center Plaza
Boston, MA 02108

Robert W. Healy, Esq.
Cogavin & Waystack
One Center Plaza
Boston, MA 02108

Eugene F. West, Esq.
West & Miyamoto
5151 Verdugo Way
Camarillo, CA 92012

Thomas P. Smith, Esq.
Caffrey & Smith, P.C.
300 Essex Street
Lawrence, MA 01840

                                          /s/ Timothy J. McLaughlin
                                          Timothy J. McLaughlin