UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAYLE GARDNER<br>　　Plaintiffs,<br><br>v.<br><br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>　　Defendants. | )<br>)<br>)<br>) Civil Action No. 1:09-cv-11806(NG)<br>)<br>) LEAD DOCKET<br>)<br>)<br>)<br>) |
| CRYSTAL CAISSIE,<br>　　Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>　　Defendants. | )<br>)<br>)<br>) Civil Action No. 1:09-cv-11807(NG)<br>)<br>)<br>)<br>) |
| LOUISE FELTEAU,<br>　　Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>　　Defendants. | )<br>)<br>)<br>) Civil Action No. 1:09-cv-11808(NG)<br>)<br>)<br>)<br>) |
| TANYA PULISCIANO,<br>　　Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>　　Defendants. | )<br>)<br>)<br>) Civil Action No. 1:09-cv-11811(NG)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, FOR REMITTER OR NEW TRIAL**

This reply rebuts and clarifies points raised in Defendant's Reply. (D.E. 172) Defendant's reply is again full of repeated errors of fact and has misstated the facts of the case in an effort to alter the outcome of the case.

### A. Simpson is misconstruing the record

Defendant has again attempted to misconstrue the record and facts that were presented to the jury. The subsequent remedial measures were only solicited from Ms. Jackman after the door was open on direct examination. Further, the Court gave a clear and comprehensive curative instruction to the jury following the testimony. The subsequent remedial measures ruling was not erroneous, as it was within the judge's discretion to allow the testimony. Further, there was NO objection at trial to the curative instruction given to the jury following the allowance of the testimony.

In its reply brief the defendant again attempts to state that each plaintiff was not at the property at the time of the fire. This statement is wrong, and counsel is attempting to fashion facts to insinuate that Plaintiffs were not present to watch their homes burn to the ground with all their belongings including pets destroyed. Each plaintiff testified that she received a phone call that her building was on fire and rushed to the property and watched it burn with everything they owned inside of it. This attempt to alter the facts of the case is deplorable and unconscionable after each plaintiff took the stand under oath and discussed how it felt to watch her home burn to the ground.

The evidence presented to the jury clearly showed that multiple fires occurred prior to May 29, 2008, and the evidence further showed Simpson did not act in a reasonable manner to address the known risk. The only evidence relied on by defense is a notice they created which was posted in March 2008, long before any fires occurred. The unanimous jury of nine men and women found Simpson negligent in maintaining the premises at Highlands at Dearborn based on the evidence and instructions given to them by the Court.

B.     Subsequent remedial measures

Defendant's continuous and repeated argument regarding subsequent remedial measures has been repeatedly stated. Regardless, there is no case law that suggests that subsequent remedial measures alone would warrant a new trial. The Court gave proper curative instruction to the jury. Upon examination of the record of the trial in its entirety, the limited amount of testimony regarding remedial measures by the Defendant would have little if any impact on the outcome of the trial.

Defendant plainly had notice of the dangerous condition the mulch presented after several fires and after a conversation with the Peabody Fire Department. Such notice supports the inference that the defendant had prior notice of the dangerous condition the mulch presented. The testimony of subsequent remedial measures with regards to the removal of the bark mulch should have opened the door for the inquiry about why the mulch was removed and for what means. However, that never was allowed by the court. The need for the subsequent remedial measure, pulling back the bark mulch from the building, was suggested by the fire inspector in early May 2008 after the first mulch fire that the Peabody Fire Department responded to. Certainly the need to do something was appreciated prior to the removal of the mulch thus establishing circumstantial notice to the landlord of the dangerous condition the mulch posed.

C. Emotional distress

*Haddad v. Gonzalez* and *Agis v. Howard Johnson Co.* are the leading cases in Landlord tenant law addressing emotional distress that the tenants suffered. The requirements of *Agis v. Howard Johnson Co.* governing common-law claims of

intentional infliction of emotional distress are irrelevant to an analysis of emotional distress as a consequence of a violation of G.L. c. 186, §14. *Haddad* allows tenants to recover for emotional distress as a result of the intentional or reckless inflictions of emotional distress. In this case, the conduct of Simpson allows the tenants to recover for the failure of Simpson to provide a property that was free of a known risk to Simpson.

### D. Punitive Damages

The issue of punitive damages was never brought up during the trial. The Court eliminated the M.G.L. c. 93A counts of the complaint through Summary Judgment. To assume the jury verdict was punitive is without any foundation. The jury was properly instructed at the end of trial that they were not allowed to award punitive damages. The jury was instructed that they were only allowed to award each plaintiff for property loss and if they agreed that the landlord breached its duty of quiet enjoyment the consequential damages of emotional distress.

Defendant still contends in the reply brief that each of the plaintiffs did not suffer any emotional distress as a result of watching their home and all their treasured family heirlooms burn to the ground as well as their personal emotional problems coping with the aftermath that followed the fire. It is pure speculation as to how this jury decided the damages award for emotional distress. The jury's decision must be left to the confidentiality of the deliberation room.

The issue raised by the Plaintiffs relative to the M.G.L. c. 93A claims was only raised because the defendant introduces their speculation that the emotional distress damages were punitive. The Plaintiffs never suggested that the Court should award punitive damages but rather, perhaps, was premature in dismissing that M.G.L. c. 93A

count in Summary Judgment. The Court on its own initiative can re-examine the issue of a possible violation of the consumer protection laws if it so believes it is warranted. In Massachusetts, damages for violation of M.G.L. c. 93A are completely under the discretion of the Court, not the jury.

### E. Conclusion

The trial was free of errors of law that would be grounds for a new trial. The jury instructions were clear and proper and no objection made after the jury was charged. In accordance with the Seventh Amendment of the United States Constitution, nine impartial men and women having heard opening statements, three days of testimony and evidence, and closing arguments, deliberated and found that Simpson Financing Limited Partnership was negligent in maintaining the premises at Highlands at Dearborn, and that Simpson breached the implied covenant of quiet enjoyment. The jury unanimously found that the failure of Simpson to do anything following multiple fires in the mulch was a breach of the duty owed to each tenant. The jury weighed all the facts and instructions of law given by the Court. The Trier of fact, the jury, heard all the evidence and rendered a verdict. That verdict should stand. Therefore, the Defendant's motion should be denied in its entirety.

Date:   June 7, 2013

Respectfully Submitted,
Gayle Gardner, et al.,
by their attorney,

_____
Stephen L. D'Angelo, Esq., BBO# 640900
Neil Judd, Esq., BBO# 679444
D'Angelo & Hashem, LLC
401 Andover Street, Suite 202
North Andover, MA 01845

Steve.DAngelo@LawyerAdvocates.com  
Njudd@lawyeradvocates.com  
(978) 687-8100 (ph)  
(978) 687-8111 (fax)

## CERTIFICATE OF SERVICE

I, Neil Judd, hereby certify that a true copy of the foregoing document was served upon counsel of record for each party by electronic means this 7th day of June, 2013, as stated on ECF.

/s/Neil Judd