UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAYLE GARDNER<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11806(NG)<br><br>LEAD DOCKET |
| CRYSTAL CAISSIE,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11807(NG) |
| LOUISE FELTEAU,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11808(NG) |
| TANYA PULISCIANO,<br>    Plaintiff,<br><br>v.<br><br>SIMPSON FINANCING<br>LIMITED PARTNERSHIP, *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-11811(NG) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 30, 2012 DECISION GRANTING SUMMARY JUDGMENT, RELATIVE TO SIMPSON FINANCING LIMITED PARTNERSHIP'S VIOLATION OF M.G.L. CHAPTER 93A AND THE PLAINTIFFS REQUEST FOR STATUTORY DAMAGES PURSUANT TO M.G.L. CHAPTER 93A. PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ASSESSMENT AND AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO M.G.L. CHAPTER 186 SECTION 14 RESULTING FROM THE JURY'S FINDING THE DEFENDANT BREACHED THE COVENANT OF QUIET ENJOYMENT**

1

THE PLAINTIFFS request this Court to reconsider its decision of March 30, 2012 regarding the summary judgment order relative to the Massachusetts Consumer Protection Statute M.G.L. c. 93A counts of the complaint against Simpson Financing Limited Partnership (Hereinafter "Simpson"). The Plaintiffs contend that the facts of the case as determined by a jury and memorialized by the Court's order of August 9, 2013 establish that the Defendant, Simpson, violated M.G.L. c. 186 §14. This is a violation of M.G.L.c.93A entitling the plaintiffs to double or triple damages, attorney fees and costs. In Massachusetts, damages for violation of M.G.L. c. 93A is not a jury question.

The Court prematurely rejected the Plaintiffs' M.G.L. c. 93A counts of the complaint through Summary Judgment before the facts supporting the Plaintiffs' position were heard at trial. This Court properly instructed the jury on the issue of the Plaintiffs' breach of quiet enjoyment, M.G.L. c. 186 § 14, at the end of trial. The jury was instructed that they were only allowed to award each plaintiff for property loss and, if they agreed that the landlord breached its duty of quiet enjoyment, award the consequential damages of emotional distress. The jury's finding that the landlord, Simpson, breached its duty of quiet enjoyment in violation of M.G.L. 186 § 14 entitle the plaintiff's attorneys to statutory attorney fees and costs.

## LEGAL STANDARDS

### I. Summary Judgment

Whenever a motion for summary judgment comes before the court, the first question to determine is whether a genuine issue of material fact exists. The existence of disputed facts is of consequence only if those facts "have a material bearing on disposition of the case." *Hogan v. Riemer*, 35 Mass. App. Ct. 360, 364, (1993) (and cases

cited). Whether a fact is "material," in the context of the case, is determined by reference to the governing substantive law (*Id.*); that is, the fact must be "one that might affect the outcome of the suit under the applicable law." *Mulvihill v. The Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). *Hogan*, supra. "Genuine" means merely that the evidence would permit a reasonable fact finder to resolve the point in favor of the non-movant. *Mulvihill*, supra.

The function of the judge in making the determination is somewhat similar to the function that a judge performs in ruling on a motion for directed verdict. The judge must be careful not to usurp the function of the fact finder by passing on the credibility of the witnesses or evaluating the weight of the evidence. *Attorney Gen. v. Brown*, 400 Mass. 826, 832, (1987). *Ruggierio v. Costa*, 28 Mass.App. Ct. 967,967 (1990). *Kaitz v. Foreign Motors, Inc.*, 25 Mass. App. Ct. 198, 201 (1987).

The judge must not grant summary judgment merely because the facts the moving party offers appear more plausible than those the opposing party offers or because it appears that the opposing party is not likely to prevail at trial. *Attorney Gen. v. Bailey*, 386 Mass. 367,370, cert. denied subnom *Bailey v. Bellotti*, 459 U.S. 970 (1982). *Accord Goulart v. Canton Hous. Auth.*, 57 Mass. App. Ct. 440, 441, (2003). Nor may the judge grant a motion for summary judgment merely to save the time and expense of a trial. *Hub Assocs., Inc. v. Goode*, 357 Mass. 449 (1970). Summary judgment may enter only when no genuine issue of material fact exists. At the time this Court issued its summary judgment ruling specific to Simpson the Court did not know what the outcome of the breach of quiet enjoyment claim. The Jury found that the Landlord Breached the Covenant of Quiet Enjoyment Law under M.G.L. c. 186 § 14.

3

## II. Landlord Breach of Quiet Enjoyment Law M.G. L c. 186 § 14

For violations of G.L. c. 186, § 14, the court determines the actual and consequential damages or statutory damages of three months' rent, whichever is greater, and attorney fees. Emotional distress, where foreseeable, is appropriately viewed as a consequence of interference with quiet enjoyment. *Homesavers Council of Greenfield Gardens, Inc. v. Sanchez,* 70 Mass. App. Ct. 453, 458 (2007).

The requirements of *Agis v. Howard Johnson Co.,* 371 Mass. 140, 355 N.E.2d 315 (1976), governing common-law claims of *intentional* infliction of emotional distress are irrelevant to an analysis of emotional distress as a consequence of a violation of M.G.L. c. 186, § 14. *Homesavers Council of Greenfield Gardens, Inc. v. Sanchez,* 70 Mass. App. Ct. at 458, "Negligent conduct, as opposed to willful or reckless behavior, is all that is required for a violation of the quiet enjoyment statute." *Id.*

While there can be multiple awards of actual damages under Section 14, there can only be one award of statutory damages. Serious conditions of disrepair may constitute both breach of the implied warranty of habitability and interference with quiet enjoyment, but any duplicative damages are subtracted from the total award. Actual damages include expenses paid by the tenant for meals, and temporary housing, as well as damages directly flowing from the interference with quiet enjoyment. To calculate damages under Section 14 the Court must:

- determine actual and consequential damages for each violation of the statute;
- compare this amount with three months' total rent and award the larger amount; and
- subtract any duplicative damages, such as damages already awarded for breach of the implied warranty of habitability that also constitute Section 14 interference with quiet enjoyment damages, from the total award under the statute.

4

If there is any entitlement to damages under the statute, whether duplicative or not, the court is also required to award reasonable attorney fees, interest, and costs.

*Governed by:* G.L. c. 186, §§ 14, 15; *Homesavers Council of Greenfield Gardens, Inc. v. Sanche z,* 70 Mass. App. Ct. 453, (2007); *Manzaro v. McCann,* 401 Mass. 880, (1988); *Janella v. Court Mgmt. Corp.,* 400 Mass. 321, (1987); *Simon v. Solomon,* 385 Mass. 91 (1982); *Woljberg v. Hunter,* 385 Mass. 390 (1982); *Lowery v. Robinson,* 13 Mass. App. Ct. 982 (1982); *Darmetko v. Boston Hous. Auth.,* 378 Mass. 758 (1979); *Moore v. Mansfield,* 182 Mass. 302 (1893).

### III. M.G.L. c. 186 § 19: Notice to Landlord of Unsafe Condition; Tort Actions for Injuries Resulting from Uncorrected Condition

A landlord or lessor of any real estate except an owner-occupied two- or three-family dwelling shall, within a reasonable time following receipt of a written notice from a tenant forwarded by registered or certified mail of an unsafe condition, not caused by the tenant, his invitee, or any one occupying through or under the tenant, exercise reasonable care to correct the unsafe condition described in said notice except that such notice need not be given for unsafe conditions in that portion of the premises not under control of the tenant.

The tenant or any person rightfully on said premises injured as a result of the failure to correct said unsafe condition within a reasonable time shall have a right of action in tort against the landlord or lessor for damages. Any waiver of this provision in any lease or other rental agreement shall be void and unenforceable. *The notice requirement of this section shall be satisfied by a notice from a board of health or other code enforcement agency to a landlord or lessor of residential premises not exempted by the provisions of this section of a violation of the state sanitary code or other applicable by-laws, ordinances, or regulations.* The Landlord was told by its own maintenance supervisor that the mulch was a problem and to close too the building. That same information was communicated to

Simpson by the Fire Inspector of the Peabody Fire Department. A statutory violation is a violation of M.G.L. c. 93A.

### IV. Massachusetts Consumer Protection Statute M.G.L. c. 93A

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2. It provides a remedy for "[a]ny person who engages in the conduct of any trade or commerce" who, *inter alia,* "suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two." *Id.* § 11. "To prove such a claim, it is neither necessary nor sufficient that a particular act or practice violate common or statutory law." *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 69 (1st Cir. 2009) (citing *Kattar v. Demoulas*, 433 Mass. 1, 12 (2000)). Instead, Massachusetts courts "evaluate unfair and deceptive trade practice claims based on the circumstances of each case," leaving "the determination of what constitutes an unfair trade practice to the finder of fact." *Id.*

"An act or practice is unfair if it is within at least the penumbra of some common-law, statutory or other established concept of unfairness, is immoral, unethical, oppressive, or unscrupulous, and causes substantial injury to consumers" *In re Pharm. Indus. Average Wholesale Price Litig.*, 582 F.3d 156, 184 (1st Cir. 2009) (internal quotations omitted). "The crucial factors in an unfairness inquiry are the nature of [the] challenged conduct and on the purpose and effect of that conduct." *Id.* (internal citations omitted).

6

"An act or practice is deceptive if it has the capacity or tendency to deceive." *Id.* at 185 (internal quotations omitted). "The plaintiff need not necessarily prove actual reliance on a misrepresentation; rather, the plaintiff must prove a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception." *Id.* (citing *Int'l Fid. Ins. Co. v. Wilson,* 387 Mass. 841, 850 (1983); see also *Fraser Eng'g Co., Inc. v. Desmond,* 26 Mass. App. Ct. 99, 104 (1988) ("Nor is proof of actual reliance on a misrepresentation required so long as the evidence warrants a finding of a causal relationship between the misrepresentation and the injury to the plaintiff.").

The Consumer Protection Law, G.L. c. 93A, § 9(1), provides:
> Any person ... who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder ... may bring an action ... in the housing court ... whether by way of original complaint, counterclaim, cross-claim or third party action, for damages ....
> Thus, in order to recover on their Consumer Protection Law claims, the tenants must prove not only that the landlords committed an unfair or deceptive act or practice, but also that the tenants suffered "injury" or harm or loss or "damage" as a result.

*Aspinall v. Philip Morris Cos.,* 442 Mass. 381 (2004). *Hershenow v. Enter. Rent-A-Car Co. of Boston, Inc.,* 445 Mass. 790 (2006). *Roberts v. Enter. Rent-A-Car Co. of Boston, Inc.,* 445 Mass. 811 (2006). *Iannacchino v. Ford Motor Co.,* 451 Mass. 623 (2008) (automobile purchaser who paid for but did not receive a safety-law compliant vehicle suffered an economic loss under G.L. c. 93A, § 9).

The actual injury or actual damage requirement is satisfied where the landlord's unfair or deceptive act or practice causes the tenant pecuniary loss, that is, damage to or loss of property or money. But the tenant's injury or damage need not be pecuniary in nature, as damages for personal injury, including emotional distress, are recoverable under the Consumer Protection Law, G.L. c. 93A, § 9(1).

7

*Maillet v. ATF-Davidson Co.,* 407 Mass. 185, 192 (1990) (physical injury). *Haddad v. Gonzalez,* 410 Mass. 855, 859, 864-72 (1991) (emotional distress). *Homesavers Council of Greenfield Gardens, Inc. v. Sanchez,* 70 Mass. App. Ct. 453 (2007) (emotional distress).
*See, compare, and contrast Leardi v. Brown,* 394 Mass. 151 (1985) (where landlord did not attempt to enforce any of seven illegal lease provisions, but did threaten to begin eviction proceedings if tenants refused to sign lease extensions containing the illegal provisions), *with Hershenow v. Enter. Rent-A-Car Co. of Boston, Inc.,* 445 Mass. 790 (2006) (where defendant did not attempt to enforce illegal provisions of the rental contract, and also agreed to plaintiffs' demand to modify its rental agreements by removing the challenged language).

### A. Willful or Knowing Violation or Bad-Faith Refusal

The Consumer Protection Law, G.L. c. 93A, § 9(3), provides:
[I]f the court finds for the petitioner, recovery shall be in the amount of actual damages ... or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two.

In 2009, Simpson Properties and all its affiliates were put on notice by a letter sent pursuant to M.G.L. c. 93A outlining the plaintiffs' theory of the Consumer Protection Law Violations. (See Exhibit A). Simpson's 93A response failed to make any monetary offer to settle the case. (See Exhibit B) First the landlord, Simpson, committed an unfair or deceptive act or practice because they recklessly failed to remediate the fire hazard; Second, the tenants suffered actual injury or damage as a result; and third the landlords' use or employment of the act or practice was a willful or knowing violation. The landlord, Simpson, refused to grant relief upon demand in bad faith with knowledge or reason to know that the act or practice complained of was an unfair or deceptive act or practice in violation of the law. This court is required to award multiple damages of up to three but not less than two times the amount of the tenants' actual damages including

8

property damage, emotional distress damages, and statutory interest on these two amounts.

B.  **Multiple Damages**

The multiplication of Chapter 93A damages for a willful or knowing violation, or for refusal to grant relief in bad faith, imposes a penalty that is to vary with the "culpability" of the defendant and is based upon the "egregiousness" of the particular conduct. *Kattar v. Demoulas,* 433 Mass. 1, 15-16 (2000) (citing *Int' l Fid. Ins. Co. v. Wilson,* 387 Mass. 841, 853 (1983) (joint and several liability for actual damages; several liability for punitive damages).

*Montanez v. Bagg,* 24 Mass. App. Ct. 954, 957 n.7 (1987) (rescript) (citing *Brown v.LeClair,* 20 Mass. App. Ct. 976, 980 (1985) (rescript) (citing *Int'l Fid. Ins. Co. v. Wilson,* 387 Mass. 841, 853-58 (1983).

**Attorney General's Regulation 940 CMR 3.17 Landlord-Tenant**

(1) Conditions and Maintenance of a Dwelling Unit. It shall be an unfair or deceptive act or practice for an owner to:

(a) Rent a dwelling unit which, at the inception of the tenancy
1. contains a condition which amounts to a violation of law which may endanger or materially impair the health, safety, or well-being of the occupant; or
2. is unfit for human habitation;
(b) Fail, during the terms of the tenancy, after notice is provided in accordance with M.G.L. c. 111, s. 127L, to:
1. remedy a violation of law in a dwelling unit which may endanger or materially impair the health, safety, or well-being of the occupant, or
2. maintain the dwelling unit in a condition fit for human habitation; provided, however, that said violation of law was not caused by the occupant or others lawfully upon said dwelling unit;
(c) Fail to disclose to a prospective tenant the existence of any condition amounting to a violation of law within the dwelling unit of which the owner had knowledge or upon reasonable inspection could have acquired such knowledge at the commencement of the tenancy;
(d) Represent to a prospective tenant that a dwelling unit meets all requirements of law when, in fact, it contains violations of law;
(e) Fail within a reasonable time after receipt of notice from the tenant to make repairs in accordance with a pre-existing representation made to the tenant;

9

The plaintiffs' contentions are that the violations of the Attorney General's regulations are per se violations of M.G.L. c. 93A.

C. <u>**Deference to the Jury**</u>

There is no right to a trial by jury in an action under M.G.L. c. 93A given the equitable nature of the relief permitted. *Nei v. Burley*, 388 Mass. 307, 315 (1983). A judge's "independent findings may be contrary to those found by the jury." *Guity v. Commerce Ins. Co.*, 36 Mass. App. Ct. 339, 340 (1994); see *Klairmont v. Gainsboro Rest., Inc.*, 465 Mass. 165, 186 (2013).

"A trial judge has discretion to consider a jury's findings in making an independent determination of a Chapter 93A claim." *Prof'l Servs. Group, Inc. v. Town of Rockland*, 515 F. Supp. 2d 179, 196 (D.Mass. 2007).

The finder of fact, the jury, found the Defendant, Simpson, breached the warranty of quiet enjoyment, specifically M.G.L. c. 186 § 14.

D. **Unfair, Immoral, Unethical, Oppressive, Unscrupulous Behavior**

Under Chapter 93A a Plaintiff may recover for "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." It is well established in Massachusetts law that the "the conduct must at least come within shouting distance of some established concept of unfairness." *Massachusetts School of Law v. ABA*, 142 F.3d. 26, 42 (1st Cir. 1998).

As the Court describes in its dicta of August 9, 2013, the Defendant violated the Breach of Quiet Enjoyment, M. G. L. c. 186 § 14 and as a result of the actions and

inactions of the defendant, Plaintiffs suffered great harm. "A ruling that defendant's conduct violates G.L. c. 93A is a legal, not a factual consideration..." *Casavant v. Norwegian Cruise Line, Ltd.,* 460 Mass. 500, 503 (2011). The facts of this case were decided by the jury and now this Court should allow double or treble damages plus attorney's fees and costs under 93A. In this case, the Defendant knowingly, intentionally and willfully engaged in acts that violated M.G.L. c. 93A and the defendants' deception and unfairness caused injuries to each Plaintiff.

The Supreme Judicial Court recently decided *Klairmont v. Gainsboro Rest., Inc.,* 465 Mass. 165, 186 (2013) that a restaurant was found to have committed violations of M.G.L. c. 93A when it failed to properly protect its patrons from the known risks that were created by a staircase. The Supreme Judicial Court upheld the Superior Courts decision allowing the claim for 93A.

Similarly, Simpson Financing Limited Partnership knew of the hazard created by the mulch after dealing with five prior fires before the May 29, 2008 fire, informed by its own maintenance supervisor as well as the Peabody Fire Department to remove the mulch or at least pull it away from the apartment complex buildings. The jury returned a unanimous verdict in favor of each plaintiff for their lost property and emotional distress they suffered as a result of the fire. The Court in its August 9, 2013 Memorandum recognizes that Simpson breached the quiet enjoyment statute. Under landlord-tenant law of Massachusetts, the violation of one's quiet enjoyment or common law warranty of habitability is ordinarily viewed as an unfair and deceptive act or practice.

Unfairness is concerned with the basic concept of right and wrong. Unfairness weighs in on the balance of power afforded the parties and whether or not the behavior impacts the consumer in a manner that could be considered immoral, unethical,

oppressive, unscrupulous and whether that behavior caused substantial injury. See *FTC v Sperry & Hutchinson Co.* 405 US 233 (1972). Simpson failed to inform its tenants about the fire hazard the mulch posed. Simpson was more concerned about filling vacant apartments rather than addressing the dangers associated with the several fires in the mulch. Simpson failed to follow its own written internal protocols when it came to addressing the issues of the numerous fires. Simpson refused, neglected and recklessly permitted the hazardous condition to exist.

In this matter, it is the lack of concern, failure to act, the reckless disregard of the fires by Simpson, the one who is in a capacity to act. Simpson's behavior falls within the "penumbra of some common law, statutory, or other concept of unfairness" meeting the criteria of M.G.L. c. 93A. *Id.* Liability for breach of the covenant of quiet enjoyment is predicated on an act or omission by the landlord or another for whom the landlord is responsible that seriously interferes with one's tenancy and impairs the character and value of the leased premises. The law is clear. Conduct that violates the covenant is not dependent on the intent of the landlord or the acts of a person or instrumentality subject to the landlord's control. *Simon v Solomon,* 385 Mass. 91 (1982). Liability requires only some degree of fault. *Cruz Management Co. v. Thomas,* 417 Mass. 782 (1994). It is Simpson's conduct, and not their intentions that are controlling. "Thus, a landlord may not intend to violate a tenant's right to quiet enjoyment, but may do so nevertheless when the breach is a 'natural and probable consequence of what the landlord did, what he failed to do, or what he permitted to be done.'" *Doe v. New Bedford Housing Authority,* 417 Mass. 273 (1994).

The Massachusetts Legislature has given each tenant the ability to deter and redress unfair and deceptive conduct. The Legislature provides tenants with the means to

enforce their rights through the statutory provisions of M.G.L. c. 186 § 14 and M.G.L. c. 93A that shift costs and fees and provide punitive damages as a method of warning landlords that the behavior will not be tolerated.

A landlord may be found in violation of M.G.L. c. 186, § 14 for interfering with a tenant's quiet enjoyment where the landlord's improper conduct causes foreseeable emotional distress to the tenant. In the *Homesaver's* case, a landlord's wrongful transfer of a tenant's federal rent subsidy and subjection of the tenant to eviction proceedings for failure to pay a new, unlawfully calculated rent caused foreseeable emotional distress interfering with the tenant's quiet enjoyment in violation of G.L. c. 186, § 14.

In addition, the court held in *Homesaver* that the requirements relative to common-law claims of intentional infliction of emotional distress are not relevant to an analysis of emotional distress as a consequence of a violation of G.L. c. 186, § 14. In this case, even if the common-law requirements for establishing a claim of intentional infliction of emotional distress applied to a claim of interference with quiet enjoyment in violation of G.L. c. 186, § 14, the evidence was sufficient to sustain a finding of intentional or reckless infliction of emotional distress, where the landlord or its manager knew or should have known that their actions were likely to cause emotional distress to one in the tenant's position, where the landlord's conduct was extreme and outrageous, and where the landlord's actions were the cause of the tenant's distress, which was severe. *Homesavers Council of Greenfield Gardens, Inc. v. Sanchez,* 70 Mass. App. Ct. 453, 874 N.E.2d 497 (2007)

Tenants are among those for whose benefit M.G.L. c. 93A, the Consumer Protection Act, was passed. The act provides for recovery of minimum statutory damages

in the amount of $25 where there has been an invasion of a legally protected interest but no harm for which actual damages can be awarded. Only actual damages, however, are subject to a multiplier for willful or intentional acts. Statutory damages may be awarded to each member of a protected class. *Leardi v. Brown*, 394 Mass.151, 474 N.E.2d 1094 (1985)

Relief under M.G.L. c. 93A, the Consumer Protection Act, is in addition to, and not as an alternative to, traditional tort and contract remedies. In a G.L. c. 93A action, the successful litigant may recover reasonable attorney fees and costs, including reasonable expert-witness fees. *Linthicum v. Archambault*, 379 Mass. 381,398 N.E.2d 482 (1979)

WHEREFORE, this Honorable Court should reconsider its Summary Judgment decision of March 30, 2012 in the backdrop of the trial, the findings of the jury, and the Court's own dicta in its Memorandum dated August 9, 2013. This Court provides the rationale supporting the plaintiffs' contention that Simpson, their landlord, violated the Massachusetts Consumer Protection Statute. Simpson was sent M.G.L. c 93A letters on behalf of the tenants in 2009. Simpson never made any offer in their response. Rather, Simpson negotiated in bad faith refusing to offer any settlement until the week before trial and then for pennies on the dollar for property damage; Simpson knew of the dangerous condition at their apartment complex and acted in reckless disregard by failing to remediate the dangerous condition; Simpson breached the covenant of quiet enjoyment causing catastrophic losses to the tenants property and emotional well-being. This Court as a matter of law pursuant to M.G.L. c. 186 § 14 should award attorney's fees, and costs for the breach of the covenant of quiet enjoyment. Further, this Court should reconsider its summary judgment motion of March 30, 2012 relative to Simpson Financing Limited

Partnership's violation of M.G.L. c. 93A and award triple damages based on the jury award for property damages, the Court's remitted emotional distress damages, and statutory interest as well as award attorneys fees and costs related to the M.G.L. c. 93a claim.

Date: August 28, 2013

Respectfully Submitted,
Gayle Gardner, et al.,
by their attorney,

/s/ Stephen D'Angelo

Stephen L. D'Angelo, Esq., BBO# 640900
Neil Judd, Esq., BBO# 679444
D'Angelo & Hashem, LLC
401 Andover Street, Suite 202
North Andover, MA 01845
Steve.DAngelo@LawyerAdvocates.com
Njudd@lawyeradvocates.com
(978) 687-8100 (ph)
(978) 687-8111 (fax)

### CERTIFICATE OF SERVICE

I, Neil Judd, hereby certify that a true copy of the foregoing document was served upon counsel of record for each party by electronic means this 28th day of August, 2013, as stated on ECF.

/s/Neil Judd